UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAHID SHARIF,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR AVILES,<br><br>Respondent. | Civil Action No. 22-5099(MCA)<br><br>MEMORANDUM & ORDER |

*Pro se* Petitioner Shahid Sharif, a state pretrial detainee at Hudson County Correctional Facility, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2241.[1] Federal district courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to the answer when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). For the reasons explained below, the Court will dismiss the Petition without prejudice under Rule 4.

Petitioner is a state pretrial detainee who has been incarcerated since May 2021 on undisclosed charges. (*See* Petition at 2, 7). Plaintiff alleges that in September 2021, prior to his indictment, he agreed to a plea deal, which included a three-year sentence, but the state informed Plaintiff in November 2021 that they were planning to withdraw the plea offer. (*Id.* at 6-7.) The

---

[1] The Clerk's Office added the U.S. Attorney as a respondent; however, Plaintiff appears to be a state pretrial detainee.

state withdrew the plea offer in June 2022, and indicted Petitioner after withdrawing the plea deal. Plaintiff appears to allege that the state improperly delayed his indictment in violation of his Fourteenth Amendment due process rights and have violated his Sixth Amendment speedy trial rights. (*See id., see also id.* at 10-12.)

Petitioner appears to acknowledge that he has not exhausted these constitutional claims in state court and does not provide any reasons why he is unable to exhaust his alleged challenges to his indictment and his speedy trial rights in state court. (*See* Petition at 2-3, 6).

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46). In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication <u>and</u> has exhausted state remedies.

*Moore*, 515 F.2d at 443 (emphasis added).

Here, it appears that Petitioner has not exhausted his state court remedies. As explained by the Third Circuit in *Moore*, "'the practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be

2

encouraged.'" *Id.* 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). "The state courts are equally responsible for 'protecting the accused in the enjoyment of his [federal] constitutional rights,' and 'comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance.'" *Williams v. New Jersey*, No. 16-3195, 2017 WL 680296, at *2 (D.N.J. Feb. 21, 2017) (quoting *Moore*, 515 F.2d at 442-43 (alteration and omission in original)).

In addition to failing to exhaust, Petitioner has not pleaded the extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. *See Thomas v. State of New Jersey*, No. CV 16-1436 (SDW), 2016 WL 7015619, at *2 (D.N.J. Nov. 30, 2016) (dismissing pretrial habeas claims containing *Brady* and similar claims). Instead, Petitioner is attempting to litigate constitutional claims prematurely in federal court. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445); *see also Carlton v. Warden, Atlantic Cnty. Justice Facility*, No. 21-14257, 2022 WL 522785, at *2 (D.N.J. Feb. 22, 2022) (dismissing without prejudice speedy trial claims brought by pretrial detainee). The proper procedure is for petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts. "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449.

For these reasons, the § 2241 Petition seeking pretrial habeas relief shall be dismissed without prejudice, and the Court will direct the Clerk of the Court to CLOSE this matter accordingly.

**THEREFORE**, it is on this ____ day of _____ 2024,

**ORDERED** that Plaintiff's IFP application (ECF No. 1-1) is GRANTED; and it is further

**ORDERED** that the Court declines to exercise pretrial habeas jurisdiction, and the Petition is dismissed WITHOUT PREJUDICE under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, applicable to § 2241 petitions pursuant to Rule 1(b); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner by regular U.S. mail and CLOSE this case accordingly.

_____
Madeline Cox Arleo
United States District Judge